**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RHONDA R. DONEY,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Commissioner
Social Security,

Defendant-Appellee.

No.    15-35171

D.C. No. 4:14-cv-00001-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 28, 2018[**]

Before:    FARRIS, CANBY, and LEAVY, Circuit Judges.

Rhonda R. Doney appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291. We review de novo, *Marsh v. Colvin*, 792 F.3d 1170,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1171-72 (9th Cir. 2015), and we affirm.

The administrative law judge ("ALJ") did not err in finding that Doney's statements regarding the intensity, persistence, and limiting effects of her pain or other symptoms were not credible. The ALJ performed the required two-step analysis and explained that Doney's alleged limitations were contradicted by conservative medical treatment, including a lack of surgery, as well as her daily activities. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (physical therapy is conservative treatment); *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (although evidence of daily activities may also admit of a more favorable interpretation, an ALJ's rational interpretation must be upheld where the evidence is susceptible to more than one rational interpretation). These reasons were specific and clear and convincing, and they adequately supported the credibility finding. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

The ALJ did not err by concluding, at step two of the sequential evaluation process, that Doney's anxiety was a nonsevere impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (explaining that symptoms alone cannot support a finding of an impairment). The record evidence cited by Doney,

2

including her own statements, does not establish that her anxiety was a severe impairment, *see id.*, and she has waived any contention that the record includes a medical diagnosis of agoraphobia with panic disorder that would establish the severity of her impairment. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court will not address issues that are not specifically and distinctly argued in an appellant's opening brief).

The ALJ did not err by concluding, at step three of the sequential evaluation process, that Doney failed to meet or equal Listing 1.02 because the medical evidence did not demonstrate that she demonstrated an inability to ambulate effectively. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (to meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim). The medical record established that Doney consistently showed no effusion and full unobstructed range of motion in her knee, and substantial evidence therefore supported the determination that Doney's impairments did not meet or equal Listing 1.02. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.00(B)(2)(b), 1.02.

Contrary to Doney's contention, the ALJ did not improperly discount the opinions of treating physician Dr. Gregory S. Tierney, M.D., where the ALJ explicitly relied on Dr. Tierney's April 2010 and May 2012 findings in assessing Doney's Residual Functional Capacity ("RFC"), and the May 12, 2010, progress

15-35171

note cited by Doney did not assess any additional limitations that the ALJ failed to incorporate into the RFC. Additionally, the ALJ was not required to contact Dr. Tierney to further develop the medical record because Dr. Tierney's reports were not ambiguous or insufficient for the ALJ to make a disability determination. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ was not required to contact doctors where record evidence was adequate to make a disability determination).

Doney's contention that the ALJ improperly discounted an additional limitation that was verbally communicated to her by chiropractor Mark Stoebe, D.C., lacks merit because the additional limitation is not contained in Stoebe's written documents or otherwise reflected in the record, and the ALJ properly determined that Doney's pain testimony was not credible.

The ALJ did not err in giving little weight to the opinions of Doney's occupational therapist, Deb Ammondson, OTR/L. The ALJ properly concluded that Ammondson's opinions were inconsistent with Doney's daily activities, and contrary to Doney's contention, the ALJ's decision adequately described Doney's daily activities. The ALJ thus gave a germane reason for discounting Ammondson's opinions. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (an ALJ may discount testimony from "other sources," including as therapists, if the ALJ gives reasons germane to each witness for doing so); *see also*

15-35171

*Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding ALJ's rejection of lay witness testimony because, even though two of the ALJ's reasons were not legally sufficient, the ALJ provided one germane reason).

The ALJ properly included all limitations supported by and consistent with substantial evidence in the residual functional capacity assessment and in the hypothetical to the vocational expert ("VE"), including the determination that Doney could perform light work as defined in 20 CFR § 404.1567(b). *See Bayliss*, 427 F.3d at 1217-18 (ALJ may limit hypothetical to limitations supported by substantial evidence); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (merely restating an argument that the ALJ improperly discounted testimony is not sufficient to show that an ALJ's hypothetical is defective).

The ALJ did not err in relying on the VE's testimony and concluding, at step four of the sequential evaluation process, that Doney could return to her past work. Even if the ALJ erred in his determination that Doney could return to her past work as actually performed, any error was harmless because the ALJ properly determined that she could also return to her past work as generally performed. *See Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001) (observing that a claimant is not disabled under the Act if she can perform her past relevant work either as actually performed *or* as generally performed in the national economy;

15-35171

"the best source for how a job is generally performed" is usually the Dictionary of Occupational Titles; and VE testimony can be considered in the step four analysis) (emphasis added); *Treichler*, 775 F.3d at 1099.

**AFFIRMED.**